**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| NEW VISION REALTY & INVESTMENTS, ) | Chapter 7 |
| INC., ) | |
| ) | Case No. 21-55752-PMB |
| ) | |
| Debtor. | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. § 362 AND BRIEF IN SUPPORT THEREOF**

COMES NOW Movant Normandy Capital Trust, a Delaware statutory trust, by and through its trustee, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust ("Lender"), and hereby moves the Court for relief from the automatic stay to allow it to enforce its rights with respect to certain real property owned by the debtor, New Vision Realty & Investments, Inc. ("Debtor").  Relief from the automatic stay for cause is appropriate pursuant to § 362(d)(1) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") because Debtor filed its bankruptcy petition in bad faith with the sole purpose of delaying a foreclosure sale. Relief under § 362(d)(2) is also appropriate because the Debtor has no equity in the Property. Lender is also entitled to *in rem* relief from the automatic stay pursuant to § 362(d)(4) because Debtor has filed multiple bankruptcy cases affecting Lender's collateral property as part of a scheme to hinder and delay Lender's legitimate collection efforts.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

   A. The Loan Documents ....................................................................................................... 2

   B. The Default ....................................................................................................................... 3

   C. The Foreclosure Sales and the Bankruptcies .................................................................... 4

JURISDICTION ........................................................................................................................... 5

ARGUMENT AND AUTHORITIES ........................................................................................... 6

   I. Relief from the Automatic Stay Should be Granted Pursuant to §§ 362(d)(1), 362(d)(2), and 362(d)(4) of the Bankruptcy Code. ............................................................................. 6

      A. Relief from the automatic stay is warranted because the Third Bankruptcy was filed in bad faith. .................................................................................................................... 6

      B. Relief from the automatic stay is further warranted under § 362(d)(1) because Lender's interests in the Property are not adequately protected. ................................................ 8

      C. Relief from the stay is warranted under § 362(d)(2) because Debtor has no equity in the Property. .................................................................................................................... 8

      D. Relief from the automatic stay is warranted under § 362(d)(4) because Debtor has filed multiple bankruptcies affecting the Property as part of a scheme to hinder and delay Lender. ....................................................................................................................... 9

CONCLUSION ........................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Matter of Bell*,
  215 B.R. 266 (Bankr. N.D. Ga. 1997) ............................................................................... 7

*In re Danley*,
  540 B.R. 468 (Bankr. M.D. Ala. 2015) ............................................................................ 10

*Dees v. New Rez LLC*,
  2021 WL 805971 (N.D. Ga. 2021) (rev'd on other grounds) ........................................ 10

*In re Dorsey*,
  476 B.R. 261 (Bankr. C.D. Cal. 2012) ............................................................................... 9

*In re Duncan & Forbes Development, Inc.*,
  368 B.R. 27 (Bankr. C.D. Cal. 2006) ............................................................................... 10

*In re Global Ship Systems, LLC*,
  2007 WL 5171045 (Bankr. S.D. Ga. 2007) ..................................................................... 7

*In re Henderson*,
  395 B.R. 893 (Bankr. D.S.C. 2008) .................................................................................. 10

*In re Lee*,
  467 B.R. 906 (B.A.P. 6th Cir. 2012) ............................................................................ 9, 10

*Matter of Little Creek Development Co.*,
  779 F.2d 1068 (5th Cir. 1986) .......................................................................................... 6

*In re mckand*,
  547 B.R. 841 (Bankr. C.D. Cal. 2016), *aff'd* 2016 WL 7188653 (9th Cir.
  B.A.P. 2016), *aff'd* 708 Fed.Appx. 375, 2017 WL 6569574 (9th Cir. 2017) ................. 8

*Matter of McKanders*,
  42 B.R. 108 (Bankr. N.D. Ga. 1984) ................................................................................ 10

*In re Phoenix Piccadilly, Ltd.*,
  849 F.2d 1393 (11th Cir. 1988) ......................................................................................... 7

*Raleigh v. Ill. Dept. of Revenue*,
  530 U.S. 15 (2000) .............................................................................................................. 6

*In re Tejal Inv., LLC*,
  No. BR 12-28606, 2012 Wl 6186159 (Bankr. D. Utah 2012) .......................................... 9

**Statutes**

11 U.S.C. § 362(d)(4) ............................................................................................................. 5, 8, 9, 10

11 U.S.C. § 362(d)(4)(B) ................................................................................................................. 8

28 U.S.C. § 157(b)(2)(A) & (G) ...................................................................................................... 5

28 U.S.C. § 1334 ............................................................................................................................. 5

28 U.S.C. §§ 1408 and 1409 ........................................................................................................... 5

Bankruptcy Code Chapter 7 ........................................................................................................ 4, 5

Bankruptcy Code § 362(d)(1) ............................................................................................. 5, 6, 7, 10

Bankruptcy Code §§ 362(d)(1) and 362(d)(4) ................................................................................ 5

Section 361(d)(1) ............................................................................................................................ 7

## **PRELIMINARY STATEMENT**

Debtor's sole asset is a five-bedroom, three-bathroom, residential property that secures a $130,000.00 promissory note held by Lender. For the *third* time, Debtor has filed a petition for relief on the eve of Lender's scheduled foreclosure sale of the property. (Debtor's CEO also filed bankruptcy individually for the same purpose, but his case was dismissed for failure to meet various deadlines). Debtor's most recent bankruptcy petition clearly was filed in bad faith and for the improper purpose of moving a two-party dispute to the Bankruptcy Court with the goal of frustrating Lender's ability to enforce its rights under its loan documents. Lender should be granted relief from the automatic stay, including *in rem* relief from automatic stays in any future bankruptcy filings by the Debtor.

**BACKGROUND**

    A.    **The Loan Documents**

    1.    On or about November 17, 2017, Debtor entered into a commercial mortgage loan transaction (the "Loan") with Patch of Land Lending, LLC ("Original Lender"). The Loan is evidenced by that certain Promissory Note Secured by Mortgage/Deed of Trust (the "Note"), dated as of November 17, 2017, made by Debtor in favor of Original Lender in the original principal amount of $130,000.00. (Declaration of Stephen J. Tyde, Jr. ("Tyde Decl."), ¶ 2, Ex. 1 thereto.)

    2.    As security for the Loan and the Note, Debtor executed that certain Deed to Secure Debt, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "Security Instrument"), dated as of November 17, 2017, whereby Debtor granted to Original Lender a first priority lien on and security interest in certain real property, and improvements thereon, located at 2562 Meadow Lark Drive, East Point, Georgia, 30344, together with all of Debtor's personal property (collectively, the "Property"). (Tyde Decl. ¶ 3, Ex. 2 thereto.) The Security Instrument was recorded with the Clerk of the Superior Court, Fulton County, Georgia, on December 4, 2017, in Book 58228, Page 479. (Tyde Decl. ¶ 3.) There is no other collateral to secure the debt owed.

    3.    In connection with the Loan, Donald Coleman ("Guarantor"), the Debtor's CEO, executed a Guaranty (the "Guaranty"), dated as of November 17, 2017, pursuant to which Guarantor guaranteed the payment of all obligations under the Note. (Tyde Decl. ¶ 4, Ex. 3 thereto.)

    4.    The Note, the Security Instrument, the Guaranty, and all other documents further securing, evidencing, or executed in connection with the Loan are hereinafter referred to collectively as the "Loan Documents."

    5.    Pursuant to that certain Assignment of Mortgage, dated as of December 13, 2017, Original Lender assigned all of its right, title, and interest in, to, and under the Loan Documents

2

and the Loan to Lender. The Assignment of Mortgage was recorded with the Clerk of the Superior Court, Fulton County, Georgia, on April 3, 2018, in Book 58630, Page 494. (Tyde Decl. ¶ 5, Ex. 4 thereto.)

6. Lender is the current holder of the Loan Documents. (Tyde Decl. ¶ 7.)

7. KRT Properties, LLC holds a subordinate mortgage secured by the property, dated January 23, 2019 and recorded on February 19, 2019 in Book 59726, Page 496, in the amount of $40,000.00 (the "Second Mortgage"). A copy of the Deed to Secure Debt is attached hereto as **Exhibit A**, which evidences the Second Mortgage.

8. Upon information and belief, the Property is the sole asset of the Debtor.

**B.    The Default**

9. Debtor defaulted under the Loan Documents when it failed to pay the amounts owed thereunder for September 1, 2019, and every month thereafter. (Tyde Decl. ¶ 8.)

10. By letter dated November 6, 2019, Lender, through its loan servicer Cohen Financial, notified Debtor that it was in default under the Loan Documents (the "Default Letter") for its failure to make payments due for September, October, and November 2019. (Tyde Decl. ¶ 9, Ex. 5 thereto.)

11. Debtor failed to cure its defaults under the Loan Documents. Thereafter, pursuant to its rights under the Loan Documents, Lender elected to accelerate the debt and foreclose on the Property. (Tyde Decl. ¶ 10.)

12. As of August 3, 2021, the total amount due and owing to Lender under the Loan Documents is $198,377.11. (Tyde Decl. ¶ 12.)

13. Upon information and belief, the fair market value of the Property does not exceed $204,000.00.

### C. The Foreclosure Sales and the Bankruptcies

14. Lender scheduled a foreclosure sale for March 3, 2020 (the "First Sale") and sent the required notice of same to Debtor. (Tyde Decl. ¶ 11, Ex. 6 thereto.)

15. On February 27, 2020, Guarantor personally filed a Chapter 13 petition in the Bankruptcy Court for the Northern District of Georgia, case no. 20-63405-wlh ("Guarantor's Bankruptcy"). He was advised that same would not stay foreclosure of the Debtor's property. Guarantor's Bankruptcy was dismissed by the court on April 30, 2020 for failure to comply with certain deadlines and obligations.

16. On March 3, 2020, at 8:45 a.m., mere *hours* before the First Sale, Debtor filed a Chapter 7 bankruptcy petition (the "First Bankruptcy") in the Bankruptcy Court for the Northern District of Georgia, case no. 20-63876-pmb. Due to the filing of the First Bankruptcy, Lender was forced to cancel the First Sale.

17. On April 16, 2020, the First Bankruptcy was dismissed. No schedules were filed, and the 341 Meeting of the Creditors was never held in the First Bankruptcy.

18. Following the closing of the First Bankruptcy, Lender scheduled a new sale for September 1, 2020 (the "Second Sale") and sent the required notice of same to Debtor. (Tyde Decl. ¶ 12, Ex. 7 thereto.)

19. On August 31, 2020, Debtor again filed a Chapter 7 petition in the Bankruptcy Court for the Northern District of Georgia, case no. 20-69457-pmb (the "Second Bankruptcy"). Due to the filing of the Second Bankruptcy, Lender was forced to cancel the Second Sale.

20. On September 25, 2020, the Second Bankruptcy was dismissed for Debtor's failure to file a statement of financial affairs, schedules, summary of assets and liabilities, and other filings required by the court. The Trustee confirmed that she neither received any property nor paid any monies on account of the estate.

21. Lender scheduled a new sale for August 3, 2021 (the "Third Sale") and sent the required notice to Debtor. (Tyde Decl. ¶ 13, Ex. 8 thereto.)

22. On August 2, 2021, Debtor filed the instant Chapter 7 petition in this court (the "Third Bankruptcy"), on the eve of a foreclosure sale. Yet again, Lender was forced to cancel the Third Sale due to the filing of the Third Bankruptcy.

23. Debtor has not filed any schedules in the Third Bankruptcy.

24. The facts leading up to the Third Bankruptcy are clear: Debtor has repeatedly used and abused the bankruptcy court to evade a foreclosure sale and prevent Lender from exercising its rights under the Loan Documents to foreclose on the Property due to Debtor's now nearly two year default under the Loan Documents. Debtor clearly is improperly delaying and hindering Lender's foreclosure through repeat bankruptcy filings that Debtor has no intention of following through on. Debtor should not be permitted to use this process to continue this clear pattern and continue hindering Lender's valid pursuit of its elected remedies.

25. Lender's counsel promptly notified Debtor's counsel of Debtor's repeat, improper filings all on the eve of a foreclosure sale and that Lender would be seeking the instant relief. Debtor's counsel has not responded as of the date of filing of this Motion.

## JURISDICTION

26. As detailed above, Debtor filed its petition for relief in this Court under Chapter 7 of the Bankruptcy Code. Jurisdiction is proper pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This motion for relief from the automatic stay is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A) & (G).

**ARGUMENT AND AUTHORITIES**

**I.    Relief from the Automatic Stay Should be Granted Pursuant to §§ 362(d)(1), 362(d)(2), and 362(d)(4) of the Bankruptcy Code.**

27.    Relief from the automatic stay is appropriate pursuant to §§ 362(d)(1) and 362(d)(4) of the Bankruptcy Code. Relief for "cause' is appropriate under § 362(d)(1) because Debtor clearly filed the Third Bankruptcy in bad faith. Further, *in rem* relief from the automatic stay is warranted under § 362(d)(4) because Debtor has filed three bankruptcy petitions, all on the eve of a scheduled foreclosure sale of the Property, as part of a scheme to hinder and delay Lender.

**A.    Relief from the automatic stay is warranted because the Third Bankruptcy was filed in bad faith.**

28.    "Cause" exists for granting Lender relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code, because Debtor's Third Bankruptcy petition was filed in bad faith, and for the improper purpose of bringing a two-party dispute between Debtor and Lender to the Bankruptcy Court with the sole purpose of frustrating Lender's ability to enforce its right to foreclose on the Property—for the *third* time. "[B]ad faith commencement of [a bankruptcy] case justifies lifting [the] stay." *Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 25 (2000); *see also*, *Matter of Little Creek Development Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986) ("Requirement of good faith prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes").

29.    Moreover, Debtor's successive filings with respect to the Property are indicative of Debtor's bad faith because there is no evidence that circumstances have changed to warrant the filing of the Third Bankruptcy.

30.    The Eleventh Circuit has held that "there is no particular test for determining whether a debtor has filed a petition in bad faith. Instead, the courts may consider any factors which evidence 'an intent to abuse the judicial process and the purpose of the reorganization

6

provisions.'" *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988) (*citing In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984)). "[I]n particular [courts should focus on] factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *Phoenix Piccadilly*, 849 F.2d 1394 (*citing Albany Partners*, 749 F.2d at 674).

31. Courts have identified a number of factors as indicia of a petition filed in bad faith. Such factors to consider include, *inter alia*, the following:

   a. Whether the debtor is a single-asset debtor;
   b. Whether the debtor has relatively few unsecured claims whose claims are small in relation to those of secured creditors;
   c. Whether the debtor has a limited number of employees;
   d. Whether the asset of the debtor is subject to a pending foreclosure action or proceeding as a result of arrearages on the indebtedness;
   e. Whether the debtor's financial problems involve largely a dispute between the debtor and secured creditors which can be resolved in another action;
   f. Whether the timing of the debtor's filing evidences an attempt to delay or frustrate the legitimate efforts of the secured creditors to enforce their rights under state law.

*In re Global Ship Systems, LLC*, 2007 WL 5171045 (Bankr. S.D. Ga. 2007) (*citing Albany Partners*, 749 F.2d at 674); *Phoenix Piccadilly*, 849 F.2d at 1344. Cause is found to exist where the filing of a bankruptcy petition amounts to an abuse of process. *Matter of Bell*, 215 B.R. 266, 275 (Bankr. N.D. Ga. 1997) (citing *I.R.S. v. Bacha*, 166 B.R. 611, 612 (Bankr. D. Md. 1993) (finding that cause for lifting the automatic stay included "Debtor's repetitive filing on the eve of two successive scheduled [foreclosure] sales by the Internal Revenue Service")).

32. Here, the factors above clearly weigh in favor of lifting the automatic stay for a bad faith filing. Lender is not aware of any other asset held by Debtor. The Property, the sole asset or one of very few, has been scheduled to be foreclosed on three times to date. Debtor's financial problems solely involve a dispute between Debtor and Lender, its secured creditor. Finally, the timing of the Third Bankruptcy less than 24 hours before the Third Sale was set to occur, combined

7

with the First Bankruptcy and Second Bankruptcy each being filed on the eve of the First Sale and the Second Sale, clearly establish abuse of process and bad faith. These factors overwhelmingly indicate a bad faith filing; Lender should be granted relief from the automatic stay.

### B. Relief from the automatic stay is further warranted under § 362(d)(1) because Lender's interests in the Property are not adequately protected.

33. "Cause" under Section 361(d)(1) also includes lack of adequate protection of an interest in property of such party of interest. In this case, Lender's interests in the Property are not adequately protected and it should be granted relief from the automatic stay on those grounds. Debtor has not made a payment to Lender since October 2019, nearly two years ago and well before the COVID-19 pandemic. The filing of the instant petition, the day before a scheduled foreclosure sale, contributes to the lack of adequate protection of Lender's interests. *See, e.g.*, *In re Marques*, 547 B.R. 841 (Bankr. C.D. Cal. 2016), *aff'd* 2016 WL 7188653 (9th Cir. B.A.P. 2016), *aff'd* 708 Fed.Appx. 375, 2017 WL 6569574 (9th Cir. 2017) (lifting the stay based on the debtor's failure to make payments on secured debt over multiple years and filing petitions to frustrate foreclosure while the secured lender's deficiency continued to increase).

### C. Relief from the stay is warranted under § 362(d)(2) because Debtor has no equity in the Property.

34. Section 362(d)(2) of the Code provides that relief from the stay is appropriate where a debtor has no equity in the property and the property is not necessary to an effective reorganization. The moving party has the burden of proof as to the issue of debtor's equity, and the opposing party has the burden on all other issues. *See* Code § 362(g); *In re Hotel Sierra Vista Ltd. Partnership*, 112 F.3d 429, 433 fn. 4 (9th Cir. 1997); *In re Jordan*, 329 B.R. 428, 450 (Bankr. D. Idaho 2008). The Debtor's equity in the Property is determined by accounting for all liens on the Property, not just the moving creditor. *In re Egea*, 167 B.R. 226 (Bankr. Kan. 1994); *In re Indian Palms Associates Ltd.*, 61 F.3d 197 (3d Cir. 1995).

8

35. The total amount due and owing to Lender as of August 3, 2021, is $198,377.11. The Second Mortgage lien amount is $40,000.00. Upon information and belief, the fair market value of the Property is $204,000.00. Debtor therefore has no equity the in property.

36. The burden then shifts to the Debtor to demonstrate the Property is necessary to an effective reorganization. In this Chapter 7 case, however, it is not necessary for the Court to find that the Property is not necessary for an effective reorganization, because this is a liquidation case. *See In re Preuss*, 15 B.R. 896, 897 (B.A.P. 9th Cir. 1981) ("Since reorganization is not relevant in Chapter 7, the only issue is whether there is equity in the property"); *In re Gailbraith*, 19 B.R. 563, 565 (Bankr. E.D. Pa. 1982) ("because the instant case is one under chapter 7 of the Code, the issue of whether the property in question is necessary to an effective reorganization of the debtors is inapplicable"). Thus, as there is no equity in the Property, and this is a Chapter 7 case, relief from the stay under § 362(d)(2) should be granted.

### D. Relief from the automatic stay is warranted under § 362(d)(4) because Debtor has filed multiple bankruptcies affecting the Property as part of a scheme to hinder and delay Lender.

37. Section 362(d)(4)(B) provides that "the court shall grant relief from the stay . . . if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B). A bankruptcy court must grant a creditor relief from the automatic stay when a creditor shows: "(1) the debtor's bankruptcy filing was part of a scheme; (2) the scheme was intended to delay, hinder or defraud the creditor; and (3) the scheme involved either (a) a transfer of some interest in the real property without obtaining approval from the court or the secured creditor, or (b) multiple bankruptcy filings affecting the real property." *In re Tejal Inv., LLC*, No. BR 12-28606, 2012 Wl 6186159, at *5 (Bankr. D. Utah 2012); *In re Dorsey*, 476 B.R. 261, 265–66 (Bankr. C.D. Cal. 2012); *In re Lee*, 467 B.R. 906, 920 (B.A.P. 6th Cir. 2012).

9

38. Bankruptcy courts have defined scheme as "an intentional artful plot or plan to delay, hinder or defraud creditors." *In re Duncan & Forbes Development, Inc.*, 368 B.R. 27, 32 (Bankr. C.D. Cal. 2006). "To delay and hinder a creditor is to forestall [a creditor's] efforts in collecting on its debt unlawfully." *Id.* at 34. A bankruptcy court may infer an intent to hinder or delay from serial bankruptcy filings if the debtor sought repeated bankruptcy protection for the sole purpose of stopping a creditor's foreclosure or collections actions. *See, e.g.*, *In re Lee*, 467 B.R. 906, 920 (B.A.P. 6th Cir. 2012); *In re Henderson*, 395 B.R. 893, 902 (Bankr. D.S.C. 2008); *Matter of McKanders*, 42 B.R. 108, 109 (Bankr. N.D. Ga. 1984) (finding in a chapter 13 case that filing a bankruptcy petition as a means of stopping a state foreclosure on real property qualifies as a plan to hinder and delay a creditor's rights to property); *Dees v. New Rez LLC*, 2021 WL 805971 (N.D. Ga. 2021) (finding that the bankruptcy court "rightfully concluded that Appellant's purpose for repeatedly filing bankruptcy was not to seriously pursue bankruptcy but to simply hinder and delay foreclosure") (rev'd on other grounds).

39. If a bankruptcy court enters an order granting relief from the automatic stay under 362(d)(4), the creditor is then also entitled to *in rem* relief. *See* 11 U.S.C. § 362(d)(4). The hanging paragraph of § 362(d)(4) provides that "[i]f recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court." *Id.* "In other words, a secured creditor who obtains relief from the automatic stay under § 362(d)(4) may record the order like one would record a mortgage or judgment lien, and the order of relief will be effective as to the subject real property in all subsequent bankruptcy cases filed by anyone within the next two years." *In re Danley*, 540 B.R. 468, 476 (Bankr. M.D. Ala. 2015).

40. As detailed above, Debtor's only purpose in filing the Third Bankruptcy was to prevent Lender from conducting a foreclosure of the Property and pursuing its rights under the Loan Documents and state law. This is Debtor's *third* time filing a petition on the eve of a scheduled foreclosure sale, not including the filing by Guarantor personally for Chapter 13. Guarantor's Bankruptcy, and Debtor's First and Second Bankruptcies, were all dismissed by the court for failures to file schedules, appear for a 341 meeting of the creditors, and other deficiencies that clearly evidence that Debtor *never* intended on proceeding through the bankruptcy process and only filed the various petitions in order to stall the foreclosure sales.

41. Debtor should not be permitted to continue to use the bankruptcy process to forestall Lender's valid pursuit of its rights and remedies as related to the Property.

## **CONCLUSION**

42. As detailed herein, relief from the automatic stay for "cause' is appropriate pursuant to § 362(d)(1) of the Bankruptcy Code because Debtor's petition was filed in bad faith. Relief from the automatic stay is also appropriate under § 362(d)(2) because Debtor has no equity in the property. Further, *in rem* relief is warranted and required under § 362(d)(4) because Debtor's petition is the third by Debtor, fourth including Guarantor's Bankruptcy, in a scheme to hinder and delay Lender's legitimate collection and foreclosure on the Property.

WHEREFORE, for the reasons set forth above, Lender respectfully requests that the Court grant the Motion and grant Lender relief from the automatic stay to permit Lender to enforce its rights under the Loan Documents, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

POLSINELLI PC

By: */s/ Gwendolyn J. Godfrey*
    Gwendolyn J. Godfrey
    Georgia Bar No. 153004
    John R. Morris
    Georgia Bar No. 813477
    1201 West Peachtree Street NW, Suite 1100
    Atlanta, GA 30309
    Phone: (404) 253-6029
    Email: ggodfrey@polsinelli.com
           rmorris@polsinelli.com

COUNSEL FOR MOVANT