# EXHIBIT 1

**PROMISSORY NOTE SECURED BY MORTGAGE/DEED OF TRUST**
*(Interest-Only Payments / Balloon Payment / Draws)*

**THE LOAN (THE "LOAN") EVIDENCED BY THIS PROMISSORY NOTE SECURED BY MORTGAGE OR DEED OF TRUST (THIS "NOTE") IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

$130,000.00                                                                         Date: November 17, 2017

Property Address: 2562 Meadow Lark Dr, East Point, GA, 30344

FOR VALUE RECEIVED, the undersigned, New Vision Realty & Investments, Inc. ("Borrower"), hereby promises to pay to PATCH OF LAND LENDING, LLC, or order ("Lender"), the principal sum of One Hundred Thirty Thousand and 00/100 ($130,000.00), together with interest on the unpaid principal balance of this Note, as follows:

1. <u>Interest</u>. Interest on the unpaid principal balance will accrue from the date the proceeds have been distributed to or on behalf of the Borrower (the "Date of Advance") at an annual rate equal to <u>Nine and 75/100</u> percent (9.75 %). Interest shall be computed based on a 360-day year and 30-day months. Interest computed based on a 360-day year is greater than interest computed based on a 365-day year.

2. <u>Payment of Principal and Interest</u>.

    2.1 <u>Payments</u>. Interest-only payments shall be due and payable in consecutive monthly installments on the First day of each month beginning on January 1, 2018. Such payments shall be interest-only calculated based on the currently disbursed amount of the loan, and the final monthly payment amount shall continue, subject to additional default rates and late fees, until the entire indebtedness evidenced by this Note and all accrued and unpaid interest and fees are fully paid, with any unpaid principal and interest due and payable on December 1, 2018 (the "Maturity Date"). Payments due under the Note shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under this Note or Mortgage/Deed of Trust is returned to Lender unpaid, Lender may require that any or all subsequent payments due under this Note and the Mortgage/Deed of Trust be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

    2.2 <u>Balloon Payment</u>. The interest-only payment schedule contained in this Note requires that Borrower make a **balloon payment** of $130,000.00 the unpaid principal balance, in

Note                                                                                                    1

addition to any unpaid interest, costs and fees. This balloon payment is more than double the amount of the regular payments.

2.3 **Partial Payments**. Payments are deemed received by Lender when received at the location designated in paragraph 11, or at such other location as may be designated by Lender in accordance with the notice provisions in paragraph 11. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. Lender may hold such unapplied funds in a non-interest bearing account until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under this Note and the Mortgage/Deed of Trust or performing the covenants and agreements secured by the Mortgage/ Deed of Trust.

2.4 **Order of Application of Payments**. Each payment under this Note shall be credited in the following order: (a) costs, fees, charges, and advances paid or incurred by Lender or payable to Lender and interest under any provision of this Note or the Mortgage/Deed of Trust, in such order as Lender, in its sole and absolute discretion, elects, (b) interest payable under the Note, and (c) principal under the Note.

2.5 **Delivery of Payments**. Payments shall be made to Lender by preauthorized Automated Clearinghouse transactions ("ACH") to an account determined by Lender or by such other reasonable method as Lender directs.

3. **Late Charge**. Borrower acknowledges that default in the payment of any sum due under this Note will result in losses and additional expenses to Lender in servicing the indebtedness evidenced by this Note, handling such delinquent payments, and meeting its other financial obligations. Borrower further acknowledges that the extent of such loss and additional expenses is extremely difficult and impractical to ascertain. Borrower acknowledges and agrees that, if any payment due under this Note is not received by Lender within ten (10) days when due, a charge of eighteen cents ($0.18) for each dollar ($1.00) that is not paid when due would be a reasonable estimate of expenses so incurred (the "Late Charge"). Without prejudicing or affecting any other rights or remedies of Lender, Borrower shall pay the Late Charge to Lender as liquidated damages to cover expenses incurred in handling such delinquent payment.

4. **Default**. On (a) Borrower's failure to pay any installment or other sum due under this Note when due and payable (whether by extension, acceleration, or otherwise), (b) an Event of Default (as defined in the Mortgage/Deed of Trust), or (c) any breach of any other promise or obligation in this Note or in any other instrument now or hereafter securing the indebtedness evidenced by this Note, then, and in any such event, Lender may, at its option, declare this Note (including, without limitation, all accrued interest) due and payable immediately regardless of the Maturity Date. Borrower expressly waives notice of the exercise of this option.

5. **Prepayment Premium**. Borrower may prepay this Note in whole or in part at any time. If the box below is checked, Borrower will be charged a prepayment penalty for prepayment prior to the date specified. Please refer to the Prepayment Penalty Addendum for details:

Prepayment Penalty Addendum [ ]

6. **Interest on Default**. If Borrower is in default under this Note, as that event is contemplated under paragraph 4 of this Note, or defaults under any other clause of any document associated with

Note    2

this Note, then the entire unpaid principal balance shall automatically bear an annual interest rate (instead of the rate specified in paragraph 1) equal to the lesser of (a) Eighteen percent (18%) or (b) the maximum interest rate allowed by law (the "Default Rate"). If the Maturity Date is accelerated pursuant to Paragraph 4, the unpaid principal shall accrue interest at the Default Rate only until the default is cured and the Mortgage/Deed of Trust is reinstated. Borrower acknowledges and agrees that it would be extremely difficult or impractical to fix the actual damages resulting from Borrower's failure to pay the principal, accrued interest and other sums due on the Maturity Date, and therefore Borrower shall pay interest at the Default Rate not as a penalty, but for purposes of defraying the expenses incident to handling the past due principal, accrued interest and other sums due under this Promissory Note. Interest at the Default Rate represents the reasonable estimate of the loss that may be sustained by Lender due to the failure of Borrower to pay the principal, accrued interest and other sums due on the Maturity Date. Interest at the Default Rate shall be payable by Borrower without prejudice to the rights of Lender to collect any other amounts to be paid under this Promissory Note (including, without limitation, late charges pursuant to Paragraph 3, above) or the Mortgage/Deed of Trust.

7. **Interest on Interest.** If any interest payment under this Note is not paid when due, the unpaid interest shall be added to the principal of this Note, shall become and be treated as principal, and shall thereafter bear like interest.

8. **Due-on-Sale.** If Borrower sells, conveys, assigns or otherwise transfers (a) all or any part of the Property, (b) any interest in the Property, or (c) any of the ownership interests of Borrower, whether any such sale, conveyance, assignment or other transfer occurs directly or indirectly, voluntarily or involuntarily or by operation of law, without the prior written consent of Lender (which may be withheld in Lender's sole and absolute discretion), then Lender may elect, in its sole and absolute discretion, to accelerate the Maturity Date and declare the entire unpaid principal, accrued interest and other sums due hereunder to be immediately due and payable.

9. **Attorney Fees.** Borrower agrees to pay the following costs, expenses, and attorney fees (including in-house attorney fees) paid or incurred by Lender, or adjudged by a court: (a) reasonable costs of collection and costs, expenses, and attorney fees paid or incurred in connection with the collection or enforcement of this Note, whether or not suit is filed; (b) reasonable costs, expenses, and attorney fees paid or incurred in connection with representing Lender in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Note; (c) reasonable costs, expenses, and attorney fees incurred to protect the lien of the Mortgage/Deed of Trust; and (d) costs of suit and such sum as the court may adjudge as attorney fees in any action to enforce payment of this Note or any part of it.

10. **Waiver.** Borrower, endorsers, and all other persons liable or to become liable on this Note waive diligence, presentment, protest and demand, and also notice of protest, demand, nonpayment, dishonor and maturity and consent to any extension of the time or terms of payment hereof, any and all renewals or extensions of the terms hereof, any release of all or any part of the security given for this Promissory Note, any acceptance of additional security of any kind and any release of any party liable under this Promissory Note. Any such renewals or extensions may be made without notice to Borrower.

11. **Notice.** Any notice required to be provided in this Note shall be given in writing and shall be sent (a) for personal delivery by a delivery service that provides a record of the date of delivery, the individual to whom delivery was made, and the address where delivery was made; (b) by first-class certified United States mail, postage prepaid, return receipt requested; (c) by a nationally recognized overnight courier service, marked for next day business delivery; or (d) facsimile or email (with confirmation of transmission). All notices shall be addressed to the party to whom such notice is to be given at the following addresses:

Note    3

| | |
|---|---|
| Lender: | Patch of Land Lending, LLC
15165 Ventura Blvd., Ste 200
Sherman Oaks, CA 91403
Attn: Mera Baker
Email: Mera@patchofland.com |
| Borrower: | New Vision Realty & Investments, Inc.
3645 Marketplace Blvd Unit 130-593
Atlanta, GA, 30344-5747
Attn: Donald Coleman
Email: doncoleman.nfs@gmail.com |

or to such other address as a party may designate by written notice to the other. All notices shall be deemed effective on the earliest of (a) actual receipt; (b) rejection of delivery; (c) if sent by certified mail, the third day on which regular United States mail delivery service is provided after the day of mailing or, if sent by overnight delivery service, on the next day on which such service makes next-business-day deliveries after the day of sending.

12. **Secured by Mortgage/Deed of Trust.** This Note is secured by, among other things, that certain mortgage, deed of trust or other security instrument (the Mortgage/Deed of Trust) of even date herewith made by Borrower, as trustor, for the benefit of Lender, as beneficiary.

13. **Forbearance Not a Waiver.** If Lender delays in exercising or fails to exercise any of its rights under this Note, that delay or failure shall not constitute a waiver of any Lender rights or of any breach, default, or failure of condition under this Note. No waiver by Lender of any of its rights or of any such breach, default, or failure of condition shall be effective, unless the waiver is expressly stated in a writing signed by Lender.

14. **Assignment.** This Note inures to and binds the heirs, legal representatives, successors, and assigns of Borrower and Lender; provided, however, that Borrower may not assign this Note or any proceeds of it, or assign or delegate any of its rights or obligations hereunder, without Lender's prior written consent in each instance. Lender in its sole discretion may transfer this Note, and may sell or assign participations or other interests in all or any part of this Note, all without notice to or the consent of Borrower.

15. **Governing Law.** This Note shall be construed and enforce able according to the laws of the State of GEORGIA for all purposes.

16. **Usury.** All agreements between Borrower and Lender are expressly limited, so that in no event or contingency, whether because of the advancement of the proceeds of this Note, acceleration of maturity of the unpaid principal balance, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance, or retention of the money to be advanced under this Note exceed the highest lawful rate permissible under applicable usury laws. If, under any circumstances, fulfillment of any provision of this Note or the Mortgage/Deed of Trust securing this Note or any other agreement pertaining to this Note, after timely performance of such provision is due, shall involve exceeding the limit of validity prescribed by law that a court of competent jurisdiction deems applicable, then, ipso facto, the obligations to be fulfilled shall be reduced to the limit of such validity. If, under any circumstances, Lender shall ever receive as interest an amount that exceeds the highest lawful rate, the amount that would be excessive interest shall be applied to reduce the unpaid principal balance under this Note and not to pay interest, or, if such excessive interest exceeds the unpaid principal balance under this Note, such excess shall be refunded to Borrower. This provision shall control every other provision of all agreements between Borrower and Lender.

17. **Time Is of the Essence.** Time is of the essence with respect to all obligations of Borrower

under this Note.

18. **Cross-Default.** Any default under the terms of any loan agreement, promissory note, deed of trust, mortgage, lease, conditional sale contract or other agreement, document or instrument evidencing, governing or securing any indebtedness owing by Borrower or any Affiliate of Borrower to Lender or any Affiliate of Lender; shall, at Lender's option, constitute a default under this Note. The following definitions shall apply to this Section:

> "**Affiliate**" means, with respect to any Person, any other Person that is directly or indirectly Controlling, Controlled by or under common Control with, such Person.

> "**Control**" and derivative terms means the possession, directly or indirectly, and acting either alone or together with others, of the power or authority to direct or cause the direction of the management, material policies, material business decisions or the affairs of a Person, whether through the ownership of equity securities or interests, by contract or other means.

> "**Person**" means any natural person, business, corporation, company, and or association, limited liability company, partnership, limited partnership, limited liability partnership, joint venture, business enterprise, trust, government authority or other legal entity.

BORROWER'S INITIALS: _____    _____

19. **WAIVER OF JURY TRIAL.** LENDER AND BORROWER EACH HEREBY VOLUNTARILY, KNOWINGLY, IRREVOCABLY, AND UNCONDITIONALLY WAIVE THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION BASED ON, ARISING FROM, OR RELATED TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED BY THIS NOTE, IN ANY ACTION, PROCEEDING, OR OTHER LITIGATION OF ANY TYPE BROUGHT BY EITHER PARTY AGAINST THE OTHER, WHETHER WITH RESPECT TO CONTRACT CLAIMS, TORT CLAIMS, OR OTHERWISE. BORROWER AND LENDER AGREE THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT TRIAL WITHOUT A JURY. WITHOUT LIMITING THE FOREGOING, THE PARTIES FURTHER AGREE THAT THEIR RESPECTIVE RIGHT TO A TRIAL BY JURY IS WAIVED BY OPERATION OF THIS SECTION AS TO ANY ACTION, COUNTERCLAIM, OR OTHER PROCEEDING THAT SEEKS, IN WHOLE OR IN PART, TO CHALLENGE THE VALIDITY OR ENFORCEABILITY OF THIS NOTE. THIS WAIVER SHALL APPLY TO ANY FUTURE AMENDMENTS, RENEWALS, SUPPLEMENTS, OR MODIFICATIONS TO THIS NOTE.

BORROWER'S INITIALS: _____    _____

20. **Representation on Use of Proceeds.** Borrower represents and warrants to Lender that the proceeds of this Note will be used solely for business, commercial investment, or similar purposes, and that no portion of it will be used for personal, family, or household purposes.

21. **Assignment.** Holder may, at its sole option, assign this Promissory Note and/or designate any other person or entity as the holder hereof.

22. **No Modifications or Amendments; No Waiver.** Except as specified herein, this Promissory Note may not be amended, modified or changed, nor shall any waiver of the provisions hereof be

*Note*      5

effective, except only by an instrument in writing signed by the party against whom enforcement of any waiver, amendment, change, modification or discharge is sought. Additionally, a waiver of any provision in one event shall not be construed as a waiver of any other provision at any time, as a continuing waiver, or as a waiver of such provision on a subsequent event.

23. **Severability.** Any provision of this Promissory Note which shall be held by a court of competent jurisdiction to be invalid, void or illegal shall in no way affect, impair or invalidate any other provision or term hereof, and such other provisions or terms shall remain in full force and effect.

24. **Successors and Assigns.** Whenever used herein, the terms "Lender" and "Borrower" shall be deemed to include their respective heirs, personal representatives, successors and assigns.

25. **Cooperation.** Borrower acknowledges that Lender and its successors and assigns may (a) sell, transfer, or assign the Mortgage/Deed of Trust, this Note, and other Loan Documents (as defined in the Mortgage/Deed of Trust) to one or more investors as a whole loan, in a rated or unrated public offering or private placement; (b) participate the Loan secured by this Mortgage/Deed of Trust to one or more investors in a rated or unrated public offering or private placement; (c) deposit this Mortgage/Deed of Trust, the Note, and other Loan Documents with a trust, which trust may sell certificates to investors evidencing an ownership interest in the trust assets in a rated or unrated public offering or private placement; or (d) otherwise sell the Loan or interest therein to investors in a rated or unrated public offering or private placement. (The transactions referred to in clauses (a)-(d) are hereinafter referred to as "Secondary Market Transactions.") Borrower shall, at Lender's expense, cooperate in good faith with Lender in effecting any such Secondary Market Transaction and shall cooperate in good faith to implement all requirements reasonably imposed by the participants involved in any Secondary Market Transaction (including, without limitation, a Rating Agency and/or an institutional purchaser, participant, or investor) including, without limitation, all structural or other changes to the Loan, modifications to any documents evidencing or securing the Loan, delivery of opinions of counsel acceptable to the Rating Agency or such other purchasers, participants or investors, and addressing such matters as the Rating Agency or such other purchasers, participants, or investors may require; provided, however, that the Borrower shall not be required to modify any documents evidencing or securing the Loan that would modify (i) the interest rate payable under the Note, (ii) the stated maturity of the Note, (iii) the amortization of principal of the Note, or (iv) any other material terms or covenants of the Loan. Borrower shall provide such information and documents relating to Borrower, the Mortgaged Property, the Leases (as such terms are defined in the Mortgage/Deed of Trust), and any lessees as Lender or the Rating Agency or such other purchasers, participants, or investors may reasonably request in connection with a Secondary Market Transaction. Lender shall have the right to provide to the Rating Agency or prospective purchasers, participants, or investors any information in its possession including, without limitation, financial statements relating to Borrower, the Mortgaged Property, and any lessee. Borrower acknowledges that certain information regarding the Loan and the parties thereto and the Mortgaged Property may be included in a private placement memorandum, prospectus, or other disclosure documents.

26. **Full Recourse Personal Liability.** Borrower shall have full recourse personal liability under this Note, the Mortgage/Deed of Trust and all other Loan Documents for the repayment of the Indebtedness (as defined in the Mortgage/Deed of Trust) and for the performance of any and all other obligations of Borrower under this Note, the Mortgage/Deed of Trust and all other Loan Documents executed in connection with the Loan.

27. **Addendums.** Any Addendum checked below and executed by Borrower shall be incorporated herein as through fully set forth in this Note:

Note                                                                                       6

[check box(es) as applicable]:

- [ ] Prepayment Penalty Addendum
- [ ] Interest Reserve Account Addendum
- [X] Construction Reserve Addendum
- [X] Conditional Right to Extension Addendum

28. **Pledge and Grant of Security Interest.** To secure the due and punctual payment and performance of all Obligations due under this Note and as such terms are defined in the Mortgage/Deed of Trust, Borrower hereby pledges, assigns, transfers, and delivers to Lender and hereby grants Lender a security interest in and to all of Borrower's right, title and interest in and to any amounts retained by Lender or Lender's agents including but not limited to any Construction Holdbacks, Interest Reserves, and Insurance Holdbacks (collectively, "Lender Holdbacks"). The Lender Holdbacks shall be subject to the sole and absolute control of Lender during the term of this Note. Borrower shall execute such documents and take such other action as may be requested by Lender to ensure in Lender such sole and absolute control in the Lender Holdbacks. Borrower shall have no right to the Lender Holdbacks except as provided in this Note. Upon the maturity of the Note, any remaining funds in the Lender Holdbacks shall be credited against amounts due under the Note, in such order as Lender may determine. Upon the occurrence of an Event of Default hereunder, Lender shall have (i) the right to withdraw all or any portion of the Lender Holdbacks and apply the same against the amounts owing under this Note, or any other Loan Documents in such order of priority as Lender may determine; (ii) all rights and remedies of a secured party under the Uniform Commercial Code; or (iii) the right to exercise all remedies under the Loan Documents or otherwise available in law or in equity.

29. *CONFESSION OF JUDGEMENT.* (Applicable to indebtedness secured by property in each of the following states)

    a) MARYLAND: Warrant of Attorney to Confess Judgment. If payment of the indebtedness evidenced by this Note, or any part thereof, shall not be made when due or at maturity, by acceleration or otherwise, Borrower hereby irrevocably authorizes and empowers any attorney-at-law, including an attorney hired by Lender, to appear in any court of record or before any Clerk thereof for Borrower and to confess judgment against Borrower for the unpaid amount of the Note as evidenced by an affidavit signed by Lender, together with costs of such proceeding and reasonable attorneys' fees of fifteen (15) percent of the unpaid principal balance and accrued and unpaid interest due hereunder. Borrower waives and releases all errors and all rights of exemption, appeal, stay of execution, inquisition and extension upon any levy or real estate or personal property to which Borrower may otherwise be entitled under the laws of any State or possession of the United States now in force or which may hereafter be passed. If this Note is referred to any attorney for collection, and payment is obtained without the entry of a judgment, then Borrower shall pay to Lender all reasonable attorneys' fees incurred. If a copy of this Note, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. No single exercise of the foregoing warrant and power to confess judgment shall be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable or void; but the power shall continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Note have been paid in full. Borrower waives any conflict of interest that an attorney hired by Lender may have in acting on behalf of Borrower in confessing judgment against

Note    7

Borrower while such attorney is retained by Lender. Borrower expressly consents to such confessing attorney acting for Borrower in confessing judgment, and consents to Lender paying such confessing attorney a legal fee or allowing such attorney's fees to be paid from any proceeds of collection of the Note. If Borrower is jointly and severally liable under the Loan Documents, then this warrant of attorney to confess judgment is a joint and several warrant of attorney.

b) **ILLINOIS**: Warrant of Attorney to Confess Judgment. Borrower irrevocably authorizes and empowers any attorney-at-law, including an attorney hired by Lender, to appear in any court of record for Borrower, at any time from time to time after payment is due, whether by acceleration of otherwise, and to confess judgment against Borrower for the unpaid amount of the Note as evidenced by an affidavit signed by Lender, together with costs of such proceeding and reasonable attorneys' fees. Borrower waives and releases all errors and all rights of appeal. Borrower waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect, hereby ratifying and confirming all that said attorney may do by virtue of this warrant. If a copy of this Note, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. No single exercise of the foregoing warrant and power to confess judgment shall be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable or void; but the power shall continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Note have been paid in full. Borrower waives any conflict of interest that an attorney hired by Lender may have in acting on behalf of Borrower in confessing judgment against Borrower while such attorney is retained by Lender. Borrower expressly consents to such confessing attorney acting for Borrower in confessing judgment, and consents to Lender paying such confessing attorney a legal fee or allowing such attorney's fees to be paid from any proceeds of collection of the Note. If Borrower is jointly and severally liable under the Loan Documents, then this warrant of attorney to confess judgment is a joint and several warrant of attorney.

c) **OHIO**: Warrant of Attorney to Confess Judgment. Borrower irrevocably authorizes and empowers any attorney-at-law, including an attorney hired by Lender, to appear in any court of record and to confess judgment against Borrower for the unpaid amount of the Note as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, including attorneys' fees plus costs of suit, and to release all errors and waive all rights of appeal. If a copy of this Note, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Borrower waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment shall be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable or void; but the power shall continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Note have been paid in full. Borrower waives any conflict of interest that an attorney hired by Lender may have in acting on behalf of Borrower in confessing judgment against Borrower while such attorney is retained by Lender. Borrower expressly consents to such confessing attorney acting for Borrower in confessing judgment, and consents to Lender paying such confessing attorney a legal fee or allowing such attorney's fees to be paid from any proceeds of collection of the Note. If Borrower is jointly and severally liable under

the Loan Documents, then this warrant of attorney to confess judgment is a joint and several warrant of attorney.

d) **NEW JERSEY**. Cognovit Provisions. Borrower hereby irrevocably authorizes any Attorney-at-Law to appear in any Court of record situated in the county where Borrower then resides, or in the county where either one or more Borrowers signed this warrant after this Note becomes due, with or without declaration filed, and each and all waive the issuance and service of process, enter appearance and confess or enter a judgment or a series of judgments against Borrower(s) in favor of the Holder of this Note, for the amount then appearing due, together with all costs of suit, reasonable attorney's fees for collection and all legal and litigation expenses, and thereupon to release all errors and waive all claims, rights of appeal and stay of execution and for so doing, this Note or a copy thereof verified by Affidavit, shall be a sufficient warrant.

---

NOTICE: FOR THIS NOTICE "YOU" MEANS THE BORROWER AND "CREDITOR" AND "HIS" MEANS LENDER.

WARNING – BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR OTHER CAUSE.

---

BORROWER:

New Vision Realty & Investments, Inc.
a Georgia Corporation

By: *(signature)*
Name: Donald Coleman
Title: CEO

Note     9

**ADDENDUM TO PROMISSORY NOTE**
(Conditional right to Extension Addendum)

THIS ADDENDUM TO PROMISSORY NOTE is made November 17, 2017, and is incorporated into and shall be deemed to amend and supplement the Promissory Note made by the undersigned ("Borrower") to Patch of Land Lending LLC, a Delaware limited liability company ("Lender") and dated the same date as this Addendum (the "Note").

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

<u>Conditional Right to Extension of Maturity Date</u>.

A. Borrower shall have the right to request one extension of the Maturity Date of the Note in accordance with the Extension and Fee Schedule in this Exhibit A, if and only if Lender, in its sole and absolute discretion, consents to such extension and all of the following conditions are met:

1. Borrower delivers to Lender a written request for an extension no later than forty-five (45) days prior to the Maturity Date specified in the Note;

2. Borrower has made all of the payments due under the Note on or before the date they were due;

3. Borrower has complied with all of the covenants of the Note, the Mortgage/Deed of Trust and all other documents executed by Borrower in connection with the Loan;

4. Borrower delivers to Lender written confirmation that any and all property taxes and assessments due and owing on the Property have been paid;

5. Borrower delivers to Lender documentation confirming that all insurance policies required by Lender, inclusive of but not limited to, hazard and general liability insurance policies are in effect for the time period covered by the extension; and that Lender is named as mortgagee and additional loss payee on all polices;

6. Borrower and any guarantor's credit rating has not materially changed since the execution of the Note;

7. If requested, Borrower provides to Lender updated financial statements that indicate that there is no material change in the financial condition of Borrower or any guarantor;

8. Lender determines, in its sole and absolute discretion, that there has not been a material negative change to the physical condition or value of the Property;

9. Borrower has agreed to pay the costs associated with the loan extension, inclusive of the fees charged for the drafting of the recordable extension agreement, an extension

Note 10

endorsement to the Lender's Policy of Title Insurance; the fees charged by the County Recorder to record the extension agreement; notary fees; and all escrow and title related fees inclusive of messenger and handling fees;

10. Lender confirms that Borrower has not permitted any further encumbrances or liens to be recorded against the Property; and,

11. Any construction contemplated on the Property is completed in a timely manner and in accordance with the construction schedule, and all contractors, subcontractors, materialmen and others who perform work on the Property are paid in accordance with the terms of the agreements.

B. **Time of Extension**. If Borrower satisfies each condition set forth above, and Lender consents to such extension, Borrower shall have the right to one extension of the Maturity Date selected from the Extension and Fee Schedule in this Exhibit A, not to exceed six (6) months (the "Extension").

C. **Extension Fee**. As consideration to Lender for granting the Extension, Borrower shall pay to Lender in good U.S. funds a percentage of the outstanding principal balance of the Note as an extension fee (the "Extension Fee"). The Extension Fee shall be calculated in accordance with the Extension and Fee Schedule in this Exhibit A and is due and payable either with the written request for extension described in Subsection A.1 above.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

Note    11

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Addendum to Promissory Note.

**BORROWER:**

New Vision Realty & Investments, Inc.
a Georgia Corporation

By: _____
Name: Donald Coleman
Title: CEO