UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-55752-PMB |
| | : | |
| NEW VISION REALTY & INVESTMENTS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S APPLICATION FOR APPOINTMENT OF ATTORNEYS**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of New Vision Realty & Investments, Inc. ("**Debtor**"), and files *Trustee's Application for Appointment of Attorneys* (the "**Application**"). In support of the Application, Trustee respectfully shows the Court the following:

**Introduction**

Trustee requests authority to employ counsel to provide legal services to him regarding: the extent and nature of the Bankruptcy Estate's interest in a certain Property (defined below); prosecuting contested matters or adversary proceedings as needed to avoid a purported pre-petition transfer by Debtor to Patch of Land Lending, LLC of a security interest in that same Property, recovery of the same (or its value), and preservation of the avoided transfer for the benefit of the Bankruptcy Estate; prosecuting contested matters or adversary proceedings to ensure imposition of the automatic stay under Section 362 of the Bankruptcy Code; legal issues relating to Trustee's duty to "collect and reduce to money" property of the Bankruptcy Estate, including a potential sale and transfer of the interest in the Property in accordance with applicable principles of Georgia law and the Bankruptcy Code; and analysis of legal issues

17011560v1

regarding claims and prosecution of contested matters regarding claims, if and when directed to

take place by Trustee.

## Jurisdiction and Venue

### 1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408

and 1409(a).

## Background Facts and Relief Requested

### *a. General Facts and Available Assets*

### 2.

Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by

filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the

"**Bankruptcy Code**") on August 2, 2021 (the "**Petition Date**").

### 3.

Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this

Case.

### 4.

Prior to the Petition Date, Debtor was the sole owner of record of a certain real property

with a common address of 2562 Meadow Lark Drive, East Point, Georgia 30344 (the

"**Property**").  [Doc. No. 18 at page 5 of 20].

### 5.

Upon Debtor's filing its voluntary bankruptcy petition under Chapter 7, the Bankruptcy

Estate was formed, and it includes all of Debtor's legal or equitable interests in property as of the

17011560v1

commencement of the Bankruptcy Case, including the Property. *See* 11 U.S.C. § 541(a)(1).

6.

On its *Schedule D: Creditors Who Have Claims Secured by Property*, Debtor scheduled the purported secured claims in the Property of: (a) Normandy Capital Trust in the amount of $198,377.11; and (b) KRT Properties LLC in the amount of $40,000.00.  [Doc. No. 18 at page 7 of 20].

7.

Upon information and belief, this scheduled secured claim of Normandy Capital Trust relates to a transfer of a security interest that Debtor made to Patch of Land Lending LLC through a Security Deed dated November 17, 2017 (the "**Security Deed**").  Upon information and belief, the Security Deed has been assigned to Normandy Capital Trust.  The Security Deed is not attested in accordance with the requirements of O.C.G.A. § 44-14-61 (2015).

8.

As a result, Trustee asserts that he is able to avoid any transfer arising out of the Security Deed, recover the interest in the Property transferred (or its value), and preserve the avoided transfer for the benefit of the Bankruptcy Estate, under various provisions of Chapter 5 of the Bankruptcy Code.

### b. Procedural Posture of Case and Pending Motions

9.

The Section 341 meeting in this Case is currently scheduled for September 1, 2021.

10.

On August 12, 2021, Normandy Capital Trust filed a motion [Doc. No. 10] (the "**Stay Motion**") for relief from the automatic stay of 11 U.S.C. § 362 so that it may foreclose Debtor's

interest in the Property and liquidate its claim secured by the Property.  In its Stay Motion, Normandy Capital Trust asserts that its claim, purportedly secured by the Property, is approximately $198,000.00.  In a later paper [Doc. No. 19], filed in response to a motion to extend the stay [Doc. No. 16] (the "**Motion to Extend**") filed by Debtor, Normandy Capital Trust stated that the Property has a value of no greater than $175,000.00.  [Doc. No. 19 at page 4 of 10].  As a result, it appears that a portion of its claim and the claim of KRT Properties LLC is unsecured.

11.

The Stay Motion and the Motion to Extend are currently calendared for hearing on August 30, 2021, before the first Section 341 meeting.

### c. Employment of Counsel

12.

To administer this Case in a proper, efficient, and economical manner, Trustee requires the services of legal counsel, and he wishes to employ the firm Arnall Golden Gregory LLP ("**AGG**") to act as his attorneys in this case.  Indeed, because Trustee is not an attorney, it is imperative that Trustee employ counsel to assist him with the numerous legal tasks that will arise in this matter.  *See* 11 U.S.C. § 327(a) (stating that trustees may employ attorneys "to represent or assist the trustee in carrying out the trustee's duties . . . ." and providing no other basis to employ attorneys); *In re Abraham*, 163 B.R. 772, 783 (Bankr. W.D. Tex. 1994) (stating "trustees are not attorneys (not even when it is an attorney functioning as the trustee).").

13.

The members and associates of AGG are admitted to practice in this Court, have knowledge and experience in bankruptcy practice, and are well qualified to represent Trustee in

17011560v1

this matter.  Attached as Exhibit "A" is the Rule 2014 Verification of AGG.

14.

The current hourly billing rates of attorneys (as reduced) and paralegals who may render

services in the Case follow:

| | | |
|---|---|---|
| 1. | Neil C. Gordon | $575.00 |
| 2. | Michael J. Bargar | $492.50[1] |
| 3. | William D. Matthews | $445.00 |
| 4. | Angela G. Ford | $225.00 |
| 5. | Pamela E. Bicknell | $225.00 |
| 6. | Carol A. Stewart | $170.00 |

Depending on need for particular experience or the exigencies of the Case, other attorneys may

also provide services. The above rates may be increased during the term of the proposed

employment or if so awarded by the Court. *See, e.g., Norman v. Housing Authority of City of*

*Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a

delay the court should take into account the time value of money and the effects of inflation and

generally award compensation at current rates rather than at historic rates.").

15.

Specifically, Trustee requests authority to employ counsel to provide legal services to

him regarding: the extent and nature of the Bankruptcy Estate's interest in the Property;

prosecuting contested matters or adversary proceedings as needed to avoid the purported pre-

petition transfer by Debtor to Patch Land Lending, LLC of a security interest in the Property,

recovery of the same (or its value), and preservation of the avoided transfer for the benefit of the

Bankruptcy Estate; prosecuting contested matters or adversary proceedings to ensure imposition

of the automatic stay under Section 362 of the Bankruptcy Code; legal issues relating to

---

[1]     In the exercise of its billing judgment, AGG has voluntarily reduced Michael J. Bargar's
2021 rate from $565.00 to $492.50 per hour.  Depending on the complexity of the legal issues
that arise in this matter, it reserves the right to charge his actual rate.

Trustee's duty to "collect and reduce to money" property of the Bankruptcy Estate, including a

potential sale and transfer of the interest in the Property in accordance with applicable principles

of Georgia law and the Bankruptcy Code; and analysis of legal issues regarding claims and

prosecution of contested matters regarding claims, if and when directed to take place by Trustee.

16.

The professional services, for which it is necessary that an attorney act, may also include:

(a)      Preparation of pleadings and motions and conducting of examinations incidental

to the administration of the Bankruptcy Estate;

(b)      Legal services incidental to preservation and disposition of assets;

(c)      Investigation, analysis, and appropriate legal action, if required, relative to any

preference, fraudulent transfer, unperfected security interest, improper disposal of

assets, prosecution of the Bankruptcy Estate's claims, or pending litigation;

(d)      Any and all other necessary legal actions incident to the proper preservation and

administration of the Bankruptcy Estate.

17.

Based on all of the above, it is Trustee's business judgment that he should employ AGG

to assist him in this matter. *See e.g., McConnell*, 2021 WL 203331, at * 15 (Bankr. N.D. Ga.

January 4, 2021) (Bonapfel, J.) (stating "trustees exercise discretion in the administration of

estates, and bankruptcy courts properly defer to their business judgment in determining how to

perform their duties."). The issue in this regard is whether a trustee "acts with requisite care,

disinterestedness, and good faith in the effort to maximize value—rather than whether this or any

other court would necessarily make the same business decision, on the one hand, or seek to

maximize value in a different way, on the other." *In re Global Crossing, Ltd.*, 295 B.R. 726,

744 at FN 58, (Bankr. S.D.N.Y. 2003). In addition to the necessary legal tasks that will arise in

this matter (as discussed in detail above), there are other very good business reasons that justify

Trustee's employing counsel, including the fact that AGG carries E&O coverage that will

insulate the Bankruptcy Estate against claims for damage in the event something unfortunately

goes awry in this matter

18.

To the best of Trustee's knowledge, said firm's acting as attorneys in this case will be in

the best interest of the Bankruptcy Estate, Debtor, creditors, and all other parties in interest. To

the best of Applicant's knowledge, and except as otherwise disclosed herein and in the

Bankruptcy Rule 2014 Verification of Michael J. Bargar, the firm has no connection with

Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United

States Trustee, or any person employed in the Office of the United States Trustee. Said firm does

not hold or represent an interest adverse to the estate, does not represent any creditor or other

known interested party, and is a disinterested person under 11 U.S.C. § 327(a), as that term is

defined in 11 U.S.C. § 101(14). Disclosure is made, however, that Neil C. Gordon, a partner of

the firm, and Michael J. Bargar, a partner of the firm, have been appointed by the United States

Trustee for Region 21 to act as panel trustees in the United States Bankruptcy Court, Northern

District of Georgia, Atlanta Division. As a result, employees of AGG regularly communicate

with employees of the Office of the United States Trustee. Disclosure is also made that AGG

represents Trustee in other unrelated matters as special or general counsel.

19.

To expedite the marshalling and protecting of the Bankruptcy Estate's assets, AGG has

already performed certain legal services for the Bankruptcy Estate or plans to perform such

17011560v1

services, which may be rendered prior to the signing of any order resulting from this Application.

20.

Trustee proposes that AGG be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law. No compensation will be paid by Trustee to said law firm except upon application to and approval by the Court after notice and hearing as required by law.

WHEREFORE, Trustee prays that Trustee be authorized to employ AGG as his attorney in this Case and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted this 5th day of August, 2021.

*/s/ S. Gregory Hays*
*(with Express Permission by MJB)*
S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305
(404) 926-0060

*Proposed Attorneys for Trustee*:

ARNALL GOLDEN GREGORY LLP

By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100          Michael J. Bargar
Atlanta, GA 30363                        Georgia Bar No. 645709
(404) 873-8500                           michael.bargar@agg.com

17011560v1

**EXHIBIT "A"**

**RULE 2014 VERIFICATION WITH REGARD TO
EMPLOYMENT OF ATTORNEYS**

The undersigned hereby declares under penalty of perjury:

1.      I am a partner with the law firm of Arnall Golden Gregory LLP, with offices at 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363 (the "**Firm**").

2.      S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of New Vision Realty & Investments, Inc. ("**Debtor**"), has asked the Firm to represent him as Trustee in this case

3.      To the best of my knowledge, the Firm has no connection with the Debtor, its creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below. The Firm represents no interest which would be adverse to the estate of Debtor in connection with the matters upon which the Firm is to be engaged.  The Firm is a disinterested person as that term is defined in 11 U.S.C. § 101(14).  Disclosure is made that the Firm represents S. Gregory Hays (in his capacity as a bankruptcy trustee) as special or general counsel in unrelated matters.  Disclosure is also made that Neil C. Gordon, a partner of the Firm, and I, Michael J. Bargar, have been appointed by the United States Trustee for Region 21 to act as panel trustees in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division. As a result, employees of the Firm regularly communicate with employees of the Office of the United States Trustee

4.      The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 27th day of August, 2021.

By: */s/ Michael J. Bargar*
       Michael J. Bargar
       Georgia Bar No. 645709

17011560v1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Trustee's Application for Appointment of Attorneys* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Nicole Carson
The Carson Firm, LLC
225 Arthur Drive
McDonough, GA 30252

Donald Coleman
New Vision Realty & Investments, Inc.
3645 Marketplace Blvd.
Unit 130-593
Atlanta, GA 30344

Gendolyn J. Godfrey
Polsenelli PC
1201 West Peachtree Street, NW, Suite 1100
Atlanta, GA 30309

This 27th day of August, 2021.

/s/ *Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

17011560v1