# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| ) | |
| NEW VISION REALTY & INVESTMENTS, ) | |
| INC., ) | Case No. 21-55752-PMB |
| ) | |
| Debtor. ) | |

## LIMITED OBJECTION TO TRUSTEE'S
## APPLICATION FOR APPOINTMENT OF ATTORNEYS

COMES NOW, Normandy Capital Trust, a Delaware statutory trust, by and through its trustee, Wilmington Savings Fund Society, FSB, d/b/a Christian Trust ("Lender"), and hereby submits this Limited Objection to the Application for Appointment of Attorneys (the "Application") by the Chapter 7 Trustee (the "Trustee").

For the reasons detailed herein, and as further detailed in Lender's previously filed papers, Lender submits that the Application should not be granted because this is a two party-dispute and the bankruptcy does not maximize the return to creditors such that the Trustee's retention of counsel is appropriate. Contemporaneously herewith, Lender is filing its motion to dismiss this bankruptcy as a bad-faith filing. To the extent the bankruptcy is dismissed as a result of Debtor's bad-faith filing, the Trustee will not require counsel, and Lender hereby files this limited objection to the Trustee's employment of counsel on this ground. Furthermore, Lender objects to the Trustee's proposed counsel's asserted right to increase his fee structure, because the legal issues in this case are not complex.

1

**RELEVANT FACTS AND OBJECTION**

1. Lender incorporates by reference the factual and procedural background and history as detailed in its Motion for Stay Relief and its Objection to Debtor's (withdrawn) Motion to Extend the Stay.

2. Debtor's sole asset is the real and personal property located at 2562 Meadow Lark Drive, East Point, Georgia 30344 (the "Property"). The Property is valued at approximately $175,000.00.

3. This bankruptcy, at its core, is a two-party dispute between Debtor and Lender, arising out of Debtor's two-year continuing default on a commercial mortgage loan. As of the filing of the petition, Debtor owed $198,377.00 to Lender. Debtor does not reside in the Property and has not made a payment to Lender on account of its mortgage loan since December 2020.

4. Lender is the holder and assignee of that certain Security Deed made by Debtor to Patch of Land Lending (the "Security Deed").

5. Additionally, according to its proof of claim [Claim No. 1], creditor KRT Properties LLC allegedly holds a judgment lien against the Property in the amount of approximately $88,000.00.

6. The Debtor has not scheduled debts owing to any additional creditors.

7. Lender is the largest single creditor of the estate (of two total creditors), holding a claim in an amount more than double that of KRT Properties.

8. There are approximately $286,000.00 in secured claims at issue in this bankruptcy, and the value of the estate is less than $200,000.00. It is not possible for both secured claimants to be paid in full and there are no additional creditors to be paid.

9. The Trustee asserts that the Security Deed is defective and that he requires counsel in order to avoid any transfer arising out of the Security Deed and recover the interest in the Property transferred or its value. [Application ¶ 7–8.]. However, as of the date of this Objection, the Trustee has not sought to avoid the Security Deed and no adversary proceedings have been filed in this case.

10. The only issue to resolve in this bankruptcy is in which order the two creditors should be paid. There are no complex or nuanced legal issues for Trustee to resolve.

11. Trustee's counsel proposes a fee structure with the reservation that the rates may increase "during the term of the proposed employment" or "[d]epending on the complexity of the legal issues" involved. [Application ¶ 14.] This open-ended, subjective proposition is unreasonable and will quickly deplete the estate, to the detriment and at the expense of the two creditors.

12. Employment of counsel would serve no purpose in this matter other than to benefit counsel themselves, at the expense of the two creditors of the estate.

Dated: September 13, 2021                                    POLSINELLI PC

By */s/ Gwendolyn J. Godfrey*
Gwendolyn J. Godfrey
Georgia Bar No. 153004
1201 West Peachtree Street NW, Suite 1100
Atlanta, GA 30309
Phone: (404) 253-6029
Email: ggodfrey@polsinelli.com

Morgan C. Fiander
*Admitted Pro Hac Vice*
600 Third Avenue, 42nd Floor
New York, NY 10016
Phone: (212) 413-2838
Email: mfiander@polsinelli.com

COUNSEL FOR LENDER

3