**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| NEW VISION REALTY & INVESTMENTS, ) | Chapter 7 |
| INC., ) | |
| ) | Case No. 21-55752-PMB |
| ) | |
| Debtor. | |

**MOTION TO COMPEL DISCOVERY RESPONSES**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**

COMES NOW Movant Normandy Capital Trust, a Delaware statutory trust, by and through its trustee, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust ("Lender"), and hereby moves the Court for an Order compelling Debtor New Vision Realty & Investments, Inc. ("Debtor") to respond to Lender's Requests for Production of Documents (the "Document Requests"). Lender properly served the Discovery Requests and has conferred with Debtor's counsel, and made diligent efforts in good faith to resolve this discovery dispute without court intervention, to no avail.

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF RELEVANT FACTS .....................................................................................1

LEGAL STANDARD AND ARGUMENT ..................................................................................3

DOCUMENT REQUESTS TO BE COMPELLED .....................................................................3

CONCLUSION..............................................................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chudasama v. Mazda Motor Corp.*,
   123 F.3d 1353 (11th Cir. 1997) ................................................................................................3

*Suboh v. Bellsouth Business Systems, Inc.*,
   No. 1:03-CV-0996, 2004 WL 5550100 (N.D. Ga. 2004) ..........................................................3

**Other Authorities**

Fed.R.Civ.P. 26(b)(1)......................................................................................................................3

Fed.R.Civ.P. 37(a)(3)(B) ................................................................................................................3

Federal Rule of Civil Procedure 26(b)............................................................................................3

Federal Rules of Bankruptcy Procedure Rules 7026, 7034, and 9014 ...........................................3

i

## PRELIMINARY STATEMENT

Debtor is in default on its obligations under a promissory note held by Lender. The instant bankruptcy is the third petition filed by Debtor on the eve of Lender's foreclosure sale of the property. In accordance with the Federal Rules of Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, Lender served Debtor with Document Requests prior to Debtor's scheduled deposition. Debtor had agreed, in writing, to provide responses to the Document Requests by a date certain. Debtor failed to do so, and the deposition was adjourned without a new date. Lender sent multiple notices to Debtor's counsel regarding the failure to provide the requested discovery, and noting that continued failure to comply would result in the instant motion practice. To date, Debtor has wholly failed to comply with the discovery demands. Lender is thus forced to seek Court intervention to compel Debtor to provide the requested discovery for the reasons detailed herein.

## STATEMENT OF RELEVANT FACTS[1]

Lender and Debtor agreed that Debtor would appear for a deposition on October 26, 2021. [Declaration of Morgan Fiander ("Fiander Decl."), ¶ 3.] In connection therewith, on September 21, 2021, Lender served Debtor with the Document Requests. [Fiander Decl. ¶ 4, Ex. A thereto.] Debtor agreed to provide any objections to the Document Requests on or before September 28, 2021. [Fiander Decl. ¶ 5.] Debtor further agreed to produce all documents responsive to the Document Requests on or before October 21, 2021. [Fiander Decl. ¶ 5.] This was agreed to in a phone conversation between Debtor's counsel and Lender's counsel, and thereafter memorialized via email. [Fiander Decl. ¶ 5, Ex. B thereto.]

---

[1] In the interest of brevity, Lender does not recite the full facts of the loan transaction or history between Lender and Debtor herein. Lender respectfully refers the court to its pending Motion to Dismiss for a full recitation of those facts.

1

Debtor did not, and has not, notified Lender of any objection to any of the Document Requests. [Fiander Decl. ¶ 6.] Debtor failed to produce any documents by the October 21 deadline. [Fiander Decl. ¶ 7.] On Monday, October 25, 2021, Debtor produced nine (9) documents to Lender. [Fiander Decl. ¶ 8.] These documents consisted of: Debtor's bank statements from its Bank of America Account from January through June 2021; a payoff quote provided to Debtor for July-August 2021; an unidentified payment receipt; and reinstatement figures provided to Debtor on July 13, 2021. This production was untimely and wholly inadequate.

On November 1, 2021, Lender's counsel served Debtor's counsel with a good faith discovery letter (the "**Discovery Letter**"), detailing the outstanding discovery requests and the basis for Lender's entitlement to the requested documents and information. [Fiander Decl. ¶ 9, Ex. C thereto.]

The Discovery Letter demanded a written response to the discovery requests within ten (10) days of receipt thereof, and the production of responsive documents within fifteen (15) days of receipt of the Discovery Letter. [Fiander Decl. ¶ 10, Ex. C thereto.] The Discovery Letter clearly stated that failure to respond to the letter, or failure to provide the responsive documents, will result in this Motion to Compel Discovery. [Fiander Decl. ¶ 10, Ex. C thereto.]

Debtor failed to respond to the Discovery Letter and failed to produce documents by the deadlines. [Fiander Decl. ¶ 11.] On December 8, 2021, counsel for Lender followed up with Debtor's counsel via email regarding the Discovery Letter. [Fiander Decl. ¶ 12, Ex. D thereto.] The email requested the documents be produced by December 15, 2021 and stated that failure to provide the documents would result in a Motion to Compel. [Fiander Decl. ¶ 12, Ex. D thereto.]

To date, Debtor has failed to respond to the Discovery Letter, and has not produced any documents since the initial, untimely and inadequate production on October 25, 2021. [Fiander

2

Decl. ¶ 13.] Debtor did not and has not objected to any of the Document Requests. [Fiander Decl. ¶ 13.]

## LEGAL STANDARD AND ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(b), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure Rules 7026, 7034, and 9014, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed.R.Civ.P. 26(b)(1). "This rule is to be broadly construed with all doubts resolved in favor of open discovery." *Suboh v. Bellsouth Business Systems, Inc.*, No. 1:03-CV-0996, 2004 WL 5550100, *3 (N.D. Ga. 2004). While the Federal Rules of Civil Procedure are "designed to minimize the need for judicial intervention into discovery matters . . . [t]hey do not eliminate that need . . . ." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 (11th Cir. 1997). When a party fails to provide responses to discovery as required under the Federal Rules, the party seeking the discovery "may move for an order compelling an answer, designation, production, or inspection." Fed.R.Civ.P. 37(a)(3)(B).

As detailed herein, each of the Document Requests are relevant to Lender's claims in this bankruptcy, including the pending Motion to Dismiss. Debtor has had ample time to object to the Document Requests but has not objected to a single one. Yet, Debtor has failed to produce documents responsive to each of the Document Requests. Lender thus moves for an Order compelling the demanded responses and responsive documents.

## DOCUMENT REQUESTS TO BE COMPELLED

**Document Request No. 1:** Documents and communications concerning the filing and dismissal of the Coleman Bankruptcy.

**Initial Response:** None.

3

**Reason to Compel:** Lender has filed a Motion to Dismiss the Current Petition as a bad faith filing. Documents responsive to this request are relevant to the questions surrounding Debtor's intent in filing the various bankruptcies, including the Current Petition.

**Document Request No. 2:** Documents and communications concerning the filing and dismissal of the First Bankruptcy.

**Initial Response:** None.

**Reason to Compel:** Lender has filed a Motion to Dismiss the Current Petition as a bad faith filing. Documents responsive to this request are relevant to the questions surrounding Debtor's intent in filing the various bankruptcies, including the Current Petition.

**Document Request No. 3:** Documents and communications concerning the filing and dismissal of the Second Bankruptcy.

**Initial Response:** None.

**Reason to Compel:** Lender has filed a Motion to Dismiss the Current Petition as a bad faith filing. Documents responsive to this request are relevant to the questions surrounding Debtor's intent in filing the various bankruptcies, including the Current Petition.

**Document Request No. 4:** Communications between Debtor and any trustee in the First Bankruptcy.

**Initial Response:** None.

**Reason to Compel:** Lender has filed a Motion to Dismiss the Current Petition as a bad faith filing. Documents responsive to this request are relevant to the questions surrounding Debtor's intent in filing the various bankruptcies, including the Current Petition.

**Document Request No. 5:** Communications between Debtor and any trustee in the Second Bankruptcy.

**Initial Response:** None.

**Reason to Compel:** Lender has filed a Motion to Dismiss the Current Petition as a bad faith filing. Documents responsive to this request are relevant to the questions surrounding Debtor's intent in filing the various bankruptcies, including the Current Petition.

**Document Request No. 6:** Communications between Debtor and Lender concerning the Loan.

**Initial Response:** Debtor produced a payoff statement and reinstatement quote which were generated for Debtor by or on behalf of Lender.

**Reason to Compel:** Debtor and Lender are parties to a valid loan, under which Debtor is in default. Lender is entitled to documents responsive to this request as communications between the parties may become relevant to the question of Debtor's intention in filing this bankruptcy, as well as any questions concerning Lender's proof of claim, the debt, the Loan, or other related issues.

**Document Request No. 7:** Communications between Debtor and Original Lender concerning the Loan.

**Initial Response:** None.

**Reason to Compel:** Debtor and Lender are parties to a valid loan, under which Debtor is in default. Lender is entitled to documents responsive to this request as communications between the parties may become relevant to the question of Debtor's intention in filing this bankruptcy, as well as any questions concerning Lender's proof of claim, the debt, the Loan, or other related issues.

**Document Request No. 8:** Documents concerning Debtor's defaults under the Loan.

**Initial Response:** A payoff statement and reinstatement quote.

**Reason to Compel:** Debtor and Lender are parties to a valid loan, under which Debtor is in default. Lender is entitled to documents responsive to this request as communications between the parties

5

may become relevant to the question of Debtor's intention in filing this bankruptcy, as well as any questions concerning Lender's proof of claim, the debt, the Loan, or other related issues.

**Document Request No. 9:** Documents and communications evidencing, relating to, arising out of, or otherwise concerning the occupancy of the Property including, but not limited to, any leases, licenses, formal or informal agreements, and identity of the occupants.

**Initial Response:** None.

**Reason to Compel:** During the 341 Meeting, Donald Coleman, Debtor's CEO, stated that he has permitted his sons to reside in the Property for year without paying rent to Debtor, all the while Debtor is in default on its loan obligations to Lender. Lender is entitled to copies of any communications regarding this arrangement and any documents evidencing same, including any agreements regarding Debtor's lease of the Property under the circumstances.

**Document Request No. 10:** Documents relating to the second mortgage on the Property allegedly held by KRT.

**Initial Response:** None.

**Reason to Compel:** Lender also holds a mortgage on the Property and was not previously aware that KRT may also have a claim secured by the same Property. Lender is entitled to documents responsive to this request.

**Document Request No. 11:** Bank statements and other documents or communications concerning Debtor's financial condition from November 17, 2017 to present including, but not limited to, Debtor's debts, liabilities, obligations, assets, income, revenue, profits, and losses.

**Initial Response:** Bank statements for January through June 2021.

**Reason to Compel:** These documents are directly relevant to Debtor's ability to repay Lender, Debtor's defaults, the use or misuse of funds, and Debtor's intentions in filing this and the prior bankruptcy petitions.

**Document Request No. 12:** Documents and communications relating to the purchase, rehabilitation, and sale of the unspecified other property owned by Debtor, not disclosed in Debtor's schedules or financial statement but identified during the 341 Meeting, including all closing documents, information concerning the purchaser, receipts, loan documents, and documents evidencing where any sale proceeds were spent, applied, or otherwise sent or moved.

**Initial Response:** None.

**Reason to Compel:** These documents are directly relevant to Debtor's ability to repay Lender, Debtor's defaults, the use or misuse of funds, and Debtor's intentions in filing this and the prior bankruptcy petitions.

**Document Request No. 13:** Any non-privileged communications between Debtor and any third party regarding the filing of the Current Petition.

**Initial Response:** None.

**Reason to Compel:** Lender has filed a Motion to Dismiss the Current Petition as a bad faith filing. Documents responsive to this request may be relevant to the determination of Debtor's intention in filing the Current Petition.

**Document Request No. 14:** Documents concerning or evidencing the source of the Debtor's income of approximately $65,000.00 as discussed in the 341 Meeting.

**Initial Response:** None.

7

**Reason to Compel:** These documents are directly relevant to Debtor's ability to repay Lender, Debtor's defaults, the use or misuse of funds, and Debtor's intentions in filing this and the prior bankruptcy petitions.

**Document Request No. 15:** All documents supporting Debtor's allegation that Lender is not owed the claimed $198,377.00.

**Initial Response:** None.

**Reason to Compel:** Debtor and Lender are parties to a valid loan, under which Debtor is in default. Additionally, during the 341 Meeting, Donald Coleman, Debtor's CEO, stated that he believed Lender was not owed this amount and further stated he had correspondence from Lender or its agent or representative which he alleged showed a different amount owed. Lender is entitled to documents responsive to this request as communications between the parties may become relevant to the question of Debtor's intention in filing this bankruptcy, as well as any questions concerning Lender's proof of claim, the debt, the Loan, or other related issues.

**Document Request No. 16:** All other documents and communications not previously requested which have been turned over to the Chapter 7 Trustee relating to the Current Petition.

**Initial Response:** None.

**Reason to Compel:** Lender has filed a Motion to Dismiss the Current Petition as a bad faith filing. Documents responsive to this request may be relevant to the determination of Debtor's intention in filing the Current Petition. Additionally, Lender has recently learned, through the filing of the Chapter 7 Trustee's Motion to Employ, that Debtor actually purchased and sold *five* other, previously unidentified, properties, yet is default on its obligations to Lender. Lender is entitled specifically to this information to determine the use or misuse of the Loan funds and details on Debtor's transactions while it has remained oblige to Lender and in default on those obligations.

8

## **CONCLUSION**

Lender has made multiple good faith attempts to obtain responses to the Discovery Requests. Debtor has continually failed to provide same and has not responded to any of Lender's communications regarding same since the Discovery Letter was sent. Each of the Document Requests are relevant to the issues raised in this bankruptcy, including Lender's Motion to Dismiss. Lender is entitled to the responses and the documents detailed above and respectfully asks the Court to enter an Order compelling Debtor to provide same.

Dated: January 4, 2022                                              POLSINELLI PC

By */s/ Gwendolyn J. Godfrey*
Gwendolyn J. Godfrey
Georgia Bar No. 153004
1201 West Peachtree Street NW, Suite 1100
Atlanta, GA 30309
Phone: (404) 253-6029
Email: ggodfrey@polsinelli.com

Morgan C. Fiander
*Admitted Pro Hac Vice*
600 Third Avenue, 42nd Floor
New York, NY 10016
Phone: (212) 413-2838
Email: mfiander@polsinelli.com

COUNSEL FOR LENDER

9

81234794