**IT IS ORDERED as set forth below:**



**Date: June 10, 2022**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NEW VISION REALTY & INVESTMENTS, INC., | ) ) | CASE NO. 21-55752-PMB |
| | ) | JUDGE BAISIER |
| Debtor. | ) ) | |
| S. GREGORY HAYS, as Chapter 7 Trustee for the Bankruptcy Estate of New Vision Realty & Investments, Inc., | ) ) ) ) | |
| Movant, | ) | |
| v. | ) ) | CONTESTED MATTER |
| NORMANDY CAPITAL TRUST, KRT PROPERTIES, LLC, FULTON COUNTY TAX COMMISSIONER, CITY OF EAST POINT, NEW VISION REALTY & INVESTMENTS, INC., | ) ) ) ) ) ) | |
| Respondents. | ) ) | |

18259804v1

## ORDER GRANTING TRUSTEE'S MOTION AUTHORITY TO (A) SELL PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF ALL LIENS, INTERESTS, AND ENCUMBRANCES AND (B) DISBURSE CERTAIN PROCEEDS AT CLOSING

On May 12, 2022, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of New Vision Realty & Investments, Inc., ("**Debtor**"), filed *Trustee's Motion for Authority to (A) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing* [Doc. No. 98] (the "**Sale Motion**"), pursuant to 11 U.S.C. §§ 363(b), (f), and (m), and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c), and 9014. In the Sale Motion, Trustee sought, among other things, an order from the Court authorizing the sale ("**Sale**") of that certain real property known generally as 2562 Meadow Lark Drive, East Point, Fulton County, Georgia 30344 (the "**Property**"), to Rezwanul Rajib (the "**Purchaser**"), "as is, where is," for the sale price of $407,000.00 (the "**Purchase Price**") in accordance with the terms of a *Purchase and Sale Agreement* (the "**Contract**"), attached to the Sale Motion as Exhibit "A."

Also on May 12, 2022, Trustee filed N*otice of Trustee's Motion for Authority to (A) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing; Deadline to Object; and for Hearing* [Doc. No. 99] (the "**Notice**") regarding the Sale Motion, in accordance with the Second Amended and Restated General Order No. 24-2018. Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on May 12, 2022 [Doc. No. 100], and May 18, 2022 [Doc. No. 101].

The Notice provided notice of the opportunity to object whereupon a hearing would be held on June 13, 2022, at 1:10 p.m., pursuant to the procedures in the Second Amended and Restated General Order No. 24-2018. No creditor or party in interest filed an objection to the Sale Motion prior to the objection deadline provided in the Notice.

18259804v1

The Court having considered the Sale Motion and all other matters of record, including the lack of objection by any creditor or party in interest to the relief requested in the Sale Motion, ad based on the foregoing, finding that no further notice or hearing is necessary, and, the Court having found good cause exists to grant the relief requested in the Sale Motion, it is hereby

**ORDERED** that the Sale Motion is **GRANTED**.  It is further

**ORDERED** that the Contract is **APPROVED** and its terms are incorporated into this Order.  It is further

**ORDERED** that Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale of the Property to Purchaser and perform under the terms of the Contract; (b) execute, perform, consummate, implement, and close fully the Sale together with all additional instruments and documents that may be reasonably necessary; and (c) execute and perform all of the obligations of Trustee under the Contract.  It is further

**ORDERED** that this Order shall be binding upon all creditors (whether known or unknown) of Debtor, Purchaser, Trustee, the Bankruptcy Estate, and their respective successors, assigns, affiliates, and subsidiaries.  It is further

**ORDERED** that upon consummation of the closing of the Sale, the Property shall be transferred and assigned to Purchaser free and clear of all liens, claims, interests, and encumbrances with all unpaid, valid, and enforceable liens, claims, interests, and encumbrances attaching to the Sale proceeds with the same extent, validity, and priority that they held in the Property.  It is further

**ORDERED** that the Sale of the Property to Purchaser is "as is," "where is," and without representation or warranty, express or implied, from Trustee.  It is further

**ORDERED** that the transactions contemplated by the Contract and this Order are

18259804v1

undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Property shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith of the Property, and he is entitled to all the protections afforded by Section 363(m) of the Bankruptcy Code.  It is further

**ORDERED** that, under Fed. R. Bankr. P. 6004(h), this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, Trustee and Purchaser are free to close the Sale of the Property at any time, at which time the gross sales proceeds shall be paid to Trustee pursuant to this Order, and those disbursements requested by the Trustee in his Sale Motion are authorized to be made.  It is further

**ORDERED** that this Court retains exclusive jurisdiction over any action relating to, based upon, or arising from disputes or controversies relating to or concerning the Sale, the Contract, or this Order.

**[END OF DOCUMENT]**

Order prepared and presented by:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Chapter 7 Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
michael.bargar@agg.com

18259804v1

**Identification of parties to be served:**

Office of the United States Trustee, 362 Richard B. Russell Bldg.,75 Ted Turner Drive, SW, Atlanta, Georgia 30303

S. Gregory Hays, Chapter 7 Trustee, Hays Financial Consulting, LLC, Suite 555, 2964 Peachtree Road, Atlanta, GA 30305

KRT Properties, LLC, c/o Travis Dziema, 112 Andi Lane, Anderson, SC 29626

KRT Properties, LLC, c/o Victoria Kealy, The Wright Law Firm, 50 Lenox Point, NE, Suite B, Atlanta, GA 30324

KRT Properties, LLC, c/o Roy Reeves, Registered Agent, 591 South Main Street, Moultrie, GA 31768

Roy Reeves, Manager, KRT, Properties, LLC, P.O. Box 98, Moultrie, GA 31776

Roy Reeves, Manager, KRT Properties, LLC, 591 South Main Street, Moultrie, GA 31768

Normandy Capital Trust, c/o Gwendolyn J. Godfrey, Polsinelli PC, 1201 West Peachtree Street, NW, Suite 1100, Atlanta, GA 30309

Normandy Capital Trust, c/o Austin E. James, Fidelity National Law Group, Suite 475, 4170 Ashford Dunwoody Road, Atlanta, GA 30319

Normandy Capital Trust, c/o Wilmington Savings Fund Society, FSB, Registered Agent, 500, Delaware Avenue 11th Floor, Wilmington, DE 19801

Internal Revenue Service, c/o United States Attorney's Office, 600 Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3309

Internal Revenue Service, P. O. Box 7346, Philadelphia, PA 19101-7346

Internal Revenue Service, c/o Special Assistant United States Attorney, 401 West Peachtree Street, NW, Stop 1000-D, Atlanta, Georgia 30308

Internal Revenue Service, Insolvency Unit, 401 West Peachtree Street, NW, Stop 334-D, Atlanta, Georgia  30308

Internal Revenue Service, c/o Department of Justice, Tax Division, Civil Trial Section, Southern Region, Post Office Box 14198, Ben Franklin Station, Washington, D.C. 20044

18259804v1

Internal Revenue Service, Centralized Insolvency Operation, Post Office Box 21126, Philadelphia, PA 19114-0326

United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001

Georgia Department of Revenue, Bankruptcy Section, Post Office Box 161108, Atlanta, Georgia 30321

Georgia Department of Revenue, Taxpayer Services, Post Office Box 1054990, Atlanta, Georgia 30348

Georgia Department of Revenue, Sales and Use Tax, Post Office Box 105296, Atlanta, Georgia 30348

Office of the Attorney General, 40 Capitol Square, SW, Atlanta, GA 30334

Dr. Arthur Ferdinand, Fulton County Tax Commissioner, 141 Pryor Street, Suite 1106, Atlanta, GA 30303

Damika Pitts, Tax Tag Supervisor, Fulton County Tax Commissioner, 141 Pryor Street, Suite 1106, Atlanta, GA 30303

City of East Point, 2757 East Point Street, East Point, GA 30344

Nicole Carson, The Carson Law Group, LLC, 225 Arthur Drive, McDonough, GA 30252

New Vision Realty & Investments, Inc., 3645 Marketplace Boulevard, Unit 130-593, Atlanta, GA 30344

Michael Campbell, Attention: Denise Hammock, Campbell & Brannon, LLC, 5565 Glenridge Connector, Suite 350, Atlanta, GA 30342

Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, GA 30363-1031

18259804v1